**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

TAUNO AUGUST KOIVISTO,

Petitioner,

v.

WARDEN, CSP LANCASTER,

Respondent.

Case No.:  19cv1647 LAB (NLS)

**ORDER: (1) GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS;**

**(2) DISMISSING PETITION WITHOUT PREJUDICE**

Petitioner, a state prisoner proceeding pro se, has submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis.

**REQUEST TO PROCEED IN FORMA PAUPERIS**

Petitioner has no funds on account at the California correctional institution in which he is presently confined.  Petitioner cannot afford the $5.00 filing fee.  Thus, the Court **GRANTS** Petitioner's application to proceed in forma pauperis, and allows Petitioner to prosecute the above-referenced action without being required to prepay fees or costs and without being required to post security.  The Clerk of the Court shall file the Petition for Writ of Habeas Corpus without prepayment of the filing fee.

///

# FAILURE TO STATE A COGNIZABLE CLAIM ON FEDERAL HABEAS

The case must be dismissed because, in accordance with Rule 4 of the rules governing § 2254 cases, Petitioner has failed to allege that his state court conviction or sentence violates the Constitution of the United States.

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a) (emphasis added). *See Hernandez v. Ylst*, 930 F.2d 714, 719 (9th Cir. 1991); *Mannhalt v. Reed*, 847 F.2d 576, 579 (9th Cir. 1988); *Kealohapauole v. Shimoda*, 800 F.2d 1463, 1464-65 (9th Cir. 1986). Thus, to present a cognizable federal habeas corpus claim under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of a State court," and that he is in custody in "violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a).

Here, while not entirely clear, Petitioner's claim appears related to his medical condition while incarcerated. (*See* Pet. at 6.) In no way, however, does Petitioner claim he is "*in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254 (emphasis added).

Further, the Court notes that Petitioner cannot simply amend his Petition to state a federal habeas claim and then refile the amended petition in this case. He must exhaust state judicial remedies before bringing his claims via federal habeas. State prisoners who wish to challenge their state court conviction must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. *See* 28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133-34. Moreover, to

19cv1647 LAB (NLS)

properly exhaust state court judicial remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated. The Supreme Court in *Duncan v. Henry*, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Id*. at 365-66 (emphasis added). For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." *Id*. (emphasis added).

Additionally, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996, a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D) (West Supp. 2002).

The Court also notes that the statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183

F.3d 1003, 1006 (9th Cir. 1999). *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of limitations does run while a federal habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Petitioner's application to proceed in forma pauperis and **DISMISSES** this action without prejudice because Petitioner has failed to state a cognizable federal claim. To have this case reopened, Petitioner must, **no later than December 9, 2019**, file a First Amended Petition that cures the pleading deficiencies set forth above. A blank First Amended Petition is included with this Order for Petitioner's convenience.

**IT IS SO ORDERED.**

Dated: October 8, 2019

**Hon. Larry Alan Burns**
Chief United States District Judge

## INSTRUCTIONS FOR FILING
## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS
### IN THE UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF CALIFORNIA
## BY A PERSON IN *STATE* CUSTODY

(If petitioner is attacking a judgment which imposed a sentence to be served in the future, petitioner must fill in the name of the *state* where the judgment was entered. If petitioner has a sentence to be served in the future under a *federal* judgment which he wishes to attack, he should file a motion under 28 U.S.C. § 2255, in the federal court that entered the judgment.)

(1) This petition must be legibly handwritten or typewritten. You must tell the truth in the petition and you must sign the petition under penalty of perjury. If you do not tell the truth in this petition, you may be prosecuted for and convicted of perjury.

(2) Answer all the questions on the form as concisely as you can. You do not need to cite cases. Include the facts supporting your grounds for relief. If briefs or arguments are submitted, they should be submitted as a separate memorandum.

(3) You must pay a **$5.00 filing fee** to have your petition filed. The $5.00 fee must be submitted with the petition, not separately. If you do not have the $5.00 for the filing fee and any other costs, you may request permission to proceed in forma pauperis. To do so, fill out and submit the "Motion to Proceed in Forma Pauperis" form provided by the Court with your petition. You also **MUST** have an authorized officer at the penal institution complete the "Prison Certificate" statements stating the amount of money and securities on deposit to your credit in any account in the institution.

(4) You may only challenge a judgment entered by one court in a single petition. If you want to challenge judgments entered by different courts either in the same state or in different states, you must file separate petitions as to each court.

(5) You must include all grounds for relief and all facts supporting such grounds for relief in the petition you file seeking relief from any judgment of conviction.

(6) When the petition is fully completed, the original and at least one copy must be mailed to: Clerk of **U.S. District Court, 333 West Broadway Suite 420, San Diego CA 92101.**

(7) Petitions that do not conform to these instructions will be returned with a notation as to the deficiency.

NAME _____

PRISON NUMBER _____

CURRENT ADDRESS OR PLACE OF CONFINEMENT _____

CITY, STATE, ZIP CODE _____

# United States District Court
## Southern District of California

_____,

(FULL NAME OF PETITIONER)

**PETITIONER**

v.

_____,

(NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED
PERSON HAVING CUSTODY OF PETITIONER [E.G., DIRECTOR OF THE
CALIFORNIA DEPARTMENT OF CORRECTIONS])

**RESPONDENT**

and

_____,

The Attorney General of the State of
California, Additional Respondent.

Civil No _____

(TO BE FILLED IN BY CLERK OF U.S. DISTRICT COURT)

**First Amended**

**PETITION FOR WRIT OF HABEAS CORPUS**

UNDER 28 U.S.C. § 2254
BY A PERSON IN STATE CUSTODY

1. Name and location of the court that entered the judgment of conviction under attack: _____

_____

2. Date of judgment of conviction: _____

3. Trial court case number of the judgment of conviction being challenged: _____

_____

4. Length of sentence: _____

**5.** Sentence start date and projected release date: _____

_____

**6.** Offense(s) for which you were convicted or pleaded guilty (all counts): _____

_____

_____

**7.** What was your plea? (CHECK ONE)

(a)  Not guilty          ☐

(b)  Guilty              ☐

(c)  Nolo contendere     ☐

**8.** If you pleaded not guilty, what kind of trial did you have? (CHECK ONE)

(a)  Jury        ☐

(b)  Judge only  ☐

**9.** Did you testify at the trial?

☐ Yes   ☐ No

## DIRECT APPEAL

**10.** Did you appeal from the judgment of conviction in the **California Court of Appeal**?

☐ Yes   ☐ No

**11.** If you appealed in the **California Court of Appeal**, answer the following:

(a)  Result: _____

(b)  Date of result (if known): _____

(c)  Case number and citation (if known): _____

_____

(d)  Grounds raised on direct appeal: _____

_____

_____

_____

**12.** If you sought further direct review of the decision on appeal by the **California Supreme Court** (e.g., a Petition for Review), please answer the following:

(a)  Result: _____

(b)  Date of result (if known): _____

(c)  Case number and citation (if known): _____

_____

(d)  Grounds raised: _____

_____

_____

**13.** If you filed a petition for certiorari in the **United States Supreme Court**, please answer the following with respect to that petition:

    (a) Result: _____

    (b) Date of result (if known): _____

    (c) Case number and citation (if known): _____

       _____

    (d) Grounds raised: _____

       _____

       _____

       _____


## COLLATERAL REVIEW IN STATE COURT

**14.** Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Superior Court**?
☐ Yes ☐ No

**15.** If your answer to #14 was "Yes," give the following information:

    (a) **California Superior Court** Case Number (if known):_____

    (b) Nature of proceeding: _____

       _____

    (c) Grounds raised: _____

       _____

       _____

       _____

    (d) Did you receive an evidentiary hearing on your petition, application or motion?
       ☐ Yes ☐ No

    (e) Result: _____

    (f) Date of result (if known): _____

**16.** Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Court of Appeal**?
☐ Yes ☐ No

**17.** If your answer to #16 was "Yes," give the following information:

    (a) **California Court of Appeal** Case Number (if known):_____

    (b) Nature of proceeding: _____

         _____

    (c) Grounds raised: _____

         _____

         _____

         _____

    (d) Did you receive an evidentiary hearing on your petition, application or motion?
         ☐ Yes  ☐ No

    (e) Result: _____

    (f) Date of result (if known): _____

**18.** Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Supreme Court**?
☐ Yes  ☐ No

**19.** If your answer to #18 was "Yes," give the following information:

    (a) **California Supreme Court** Case Number (if known):_____

    (b) Nature of proceeding: _____

         _____

    (c) Grounds raised: _____

         _____

         _____

         _____

    (d) Did you receive an evidentiary hearing on your petition, application or motion?

         ☐ Yes  ☐ No

    (e) Result: _____

    (f) Date of result (if known): _____

**20.** If you did ***not*** file a petition, application or motion (e.g., a Petition for Review or a Petition for Writ of Habeas Corpus) with the **California Supreme Court**, containing the grounds raised in this federal Petition, explain briefly why you did not:

_____

_____

_____

_____

## COLLATERAL REVIEW IN FEDERAL COURT

**21.** Is this your **first** federal petition for writ of habeas corpus challenging this conviction?
☐ Yes   ☐ No   (IF "YES" SKIP TO #22)
    (a)  If no, in what federal court was the prior action filed? _____
      (i) What was the prior case number? _____
      (ii)  Was the prior action (CHECK ONE):
         ☐ Denied on the merits?
         ☐ Dismissed for procedural reasons?
      (iii) Date of decision: _____
    (b)  Were any of the issues in this current petition also raised in the prior federal petition?
      ☐ Yes ☐ No

    (c)  If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this second or successive petition?
      ☐ Yes ☐ No

**CAUTION:**
- **Exhaustion of State Court Remedies:**  In order to proceed in federal court you must ordinarily first exhaust your state court remedies by presenting your claims to the California Supreme Court.  Even if you have exhausted some grounds by raising them before the California Supreme Court, you must first present ***all*** grounds to the California Supreme Court before raising them in your federal Petition.

- **Single Petition:** If you do not present all your grounds for challenging a specific judgment in this Petition, you may not be able to present additional grounds challenging the same judgment at a later date.

- **Factual Specificity:** You must state facts, not conclusions, in support of your grounds.  For example, if you are claiming incompetence of counsel you must say what your attorney did wrong or failed to do.  A rule of thumb to follow is — state who did exactly what to violate your federal constitutional rights at what time or place.

# GROUNDS FOR RELIEF

22. **State *concisely* every ground on which you claim that you are being held in violation of the constitution, law or treaties of the United States.  Summarize *briefly* the facts supporting each ground.** (e.g. what happened during the state proceedings that you contend resulted in a violation of the constitution, law or treaties of the United States.)  If necessary, you may attach pages stating additional grounds and/or facts supporting each ground.

   **(a)  GROUND ONE:** _____

_____

_____

**Supporting FACTS:** _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Did you raise GROUND ONE in the California Supreme Court?**

☐ Yes ☐ No.

   If yes, answer the following:

   (1)   Nature of proceeding (i.e., petition for review, habeas petition): _____

   (2)   Case number or citation: _____

   (3)   Result (attach a copy of the court's opinion or order if available): _____

**(b)** **GROUND TWO:** _____

_____

_____

**Supporting FACTS**: _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Did you raise GROUND TWO in the California Supreme Court?**

☐ Yes ☐ No.

    If yes, answer the following:

    (1)   Nature of proceeding (i.e., petition for review, habeas petition): _____

    (2)   Case number or citation: _____

    (3)   Result (attach a copy of the court's opinion or order if available): _____

**(c)** **GROUND THREE**: _____

_____

_____

**Supporting FACTS**: _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Did you raise GROUND THREE in the California Supreme Court?**

☐ Yes ☐ No.

If yes, answer the following:

(1) Nature of proceeding (i.e., petition for review, habeas petition): _____

(2) Case number or citation: _____

(3) Result (attach a copy of the court's opinion or order if available):

**(d)** **GROUND FOUR**: _____

_____

_____

**Supporting FACTS**: _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Did you raise GROUND FOUR in the California Supreme Court?**

☐ Yes ☐ No.

If yes, answer the following:

(1)  Nature of proceeding (i.e., petition for review, habeas petition): _____

(2)  Case number or citation: _____

(3)  Result (attach a copy of the court's opinion or order if available): _____

**23.** Do you have any petition or appeal **now pending** in any court, either state or federal, pertaining to the judgment under attack?
☐ Yes   ☐ No


**24.** If your answer to #23 is "Yes," give the following information:

    (a)  Name of Court: _____

    (b)  Case Number: _____

    (c)  Date action filed: _____

    (d)  Nature of proceeding: _____
        _____

    (e)  Grounds raised: _____

        _____

        _____

        _____

        _____

    (f)  Did you receive an evidentiary hearing on your petition, application or motion?
        ☐ Yes   ☐ No


**25.** Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

    (a)  At preliminary hearing: _____
        _____

    (b)  At arraignment and plea: _____
        _____

    (c)  At trial: _____
        _____

    (d)  At sentencing: _____
        _____

    (e)  On appeal: _____

    (f)  In any post-conviction proceeding: _____
        _____

    (g)  On appeal from any adverse ruling in a post-conviction proceeding: _____
        _____

**26.** Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
☐ Yes  ☐ No

**27.** Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
☐ Yes  ☐ No

    (a)  If so, give name and location of court that imposed sentence to be served in the future:

_____

    (b)  Give date and length of the future sentence: _____

_____

    (c)  Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
       ☐ Yes  ☐ No

**28.**  Consent to Magistrate Judge Jurisdiction

   In order to insure the just, speedy and inexpensive determination of Section 2254 habeas cases filed in this district, the parties may waive their right to proceed before a district judge and consent to magistrate judge jurisdiction.  Upon consent of all the parties under 28 U.S.C. § 636(c) to such jurisdiction, the magistrate judge will conduct all proceedings including the entry of final judgment. The parties are free to withhold consent without adverse substantive consequences.

   The Court encourages parties to consent to a magistrate judge as it will likely result in an earlier resolution of this matter.  If you request that a district judge be designated to decide dispositive matters, a magistrate judge will nevertheless hear and decide all non-dispositive matters and will hear and issue a recommendation to the district judge as to all dispositive matters.

   You may consent to have a magistrate judge conduct any and all further proceedings in this case, including the entry of judgment, by indicating your consent below.

Choose only one of the following:

☐ Plaintiff consents to magistrate  **OR**     ☐ Plaintiff requests that a district judge
judge jurisdiction as set forth above              be designated to decide dispositive
                                            matters and trial in this case

**29.**  Date you are mailing (or handing to a correctional officer) this Petition to this court: _____

_____

Wherefore, Petitioner prays that the Court grant Petitioner relief to which he may be entitled in this proceeding.

_____
SIGNATURE OF ATTORNEY (IF ANY)


I declare under penalty of perjury that the foregoing is true and correct.  Executed on

_____          _____
(DATE)                                           SIGNATURE OF PETITIONER